The Memorandum Decision and Order below is hereby
signed.  Dated: June 17, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
REGINALD H. MITCHELL,               )   Case No. 08-00182
                                   )   (Chapter 7)
         Debtor.                   )

MEMORANDUM DECISION AND ORDER
DENYING REQUEST FOR RECONSIDERATION

The debtor has filed a Motion for Reconsideration (Docket Entry ("D.E.") No. 43, filed May 20, 2008)("Motion") in which he asks the court to reconsider its order dismissing his chapter 7 case for failure to comply with the credit counseling requirement articulated in 11 U.S.C. § 109(h)(D.E. No. 40, entered May 6, 2008).  As grounds for reconsideration, the debtor asserts that dismissal of his case was erroneous because he complied with the credit counseling requirement by taking the required credit counseling course and by filing with the court a certificate of compliance on April 7, 2008 (D.E. No. 42).

Because the debtor obtained credit counseling after he filed his bankruptcy petition, rather than in the 180-day period prior to filing his petition as required by section

109(h), his Motion must be denied.

Section 109(h) provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period *preceding* the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).  The debtor's certificate of compliance indicates that he received credit counseling on April 5, 2008 (D.E. No. 42, filed April 7, 2008), which is twenty days *after* he filed his bankruptcy petition on March 17, 2008 (D.E. No. 1).  The debtor's postpetition credit counseling does not comply with § 109(h)(1), and the court previously denied the debtor's request for a temporary waiver of the credit counseling requirement under § 109(h)(3) (D.E. No. 37, entered April 9, 2008).  The court therefore properly dismissed the debtor's case.

The debtor having failed to articulate any legal basis for vacating the order of dismissal, it is

ORDERED that the debtor's Motion for Reconsideration (D.E. No. 43) is DENIED.

[Signed and dated above.]

Copies to:

```
Debtor; Chapter 13 Trustee
```

3